# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARVIN ANTHONY MATTHEWS v. HENRY STEWARD, WARDEN

### Appeal from the Circuit Court for Lake County
### No. 12CR9757   R. Lee Moore, Jr., Judge

### No. W2012-01831-CCA-R3-HC  - Filed December 18, 2012

The Petitioner, Marvin Anthony Matthews, appeals the Circuit Court of Lake County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

ROGER A. PAGE,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Marvin Anthony Matthews, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the Appellee, Henry Steward, Warden.

### MEMORANDUM OPINION

On December 13, 1988, a jury convicted the Petitioner of grand larceny.  The jury also found the Petitioner to be a habitual criminal offender under the provisions of the habitual criminal act (now repealed), and, as a result, the Petitioner was sentenced to life imprisonment.  This court affirmed the Petitioner's conviction and sentence on direct appeal. See Marvin Anthony Matthews v. State, No. 16, 1990 WL 2862, at *1 (Tenn. Crim. App., at Jackson, Jan. 17, 1990), perm. app. denied (Tenn. May 14, 1990).

In 1991, the Petitioner filed a habeas corpus petition in which he argued that the trial

court did not enter the verdict and sentence in compliance with Tennessee statutes and that the Mittimus Writ of Confinement was void. See Marvin Anthony Matthews v. Charles C. Noles, Warden, No. 02C01-9206-CC-00140, 1993 WL 46546, at *1 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), perm. app. denied (Tenn. June 1, 1993). The trial court found that the Mittimus Writ of Confinement was valid on its face and that the Petitioner was properly adjudged guilty and sentenced. Id. This court affirmed the trial court's denial of relief noting that "[t]echnical violations related to the judgment forms and committal documents, even if they existed, would not render the petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." Id. at *2.

The Petitioner then filed numerous petitions for post-conviction relief. This court reversed eight of the thirteen prior felony convictions that the State used in proving the Petitioner's habitual offender status. See Marvin A. Matthews v. State, No. 02C01-9204-CR-00091, 1993 WL 46525, at *2 (Tenn. Crim. App., at Jackson, Feb. 24, 1993). This court subsequently noted that the requisite number of qualifying convictions remained to satisfy the Petitioner's classification as a habitual criminal. See Marvin Matthews v. State, No. W1999-00833-CCA-R3-PC, 2001 WL 394868, at *2 (Tenn. Crim. App., at Jackson, Apr. 17, 2001). Thereafter, the Petitioner sought further post-conviction relief, and this court held that each petition was barred by the statute of limitations. See, e.g., Marvin Anthony Matthews v. State, W2000-01893-CCA-R3-PC, 2002 WL 1482780, at *2 (Tenn. Crim. App., at Jackson, Feb. 8, 2002); Marvin Anthony Matthews v. State, No. W2003-02980-CCA-R3-PC, 2004 WL 1159585, at *1 (Tenn. Crim. App., at Jackson, May 21, 2004); Marvin Anthony Matthews v. State, No. W2007-00295-CCA-R3-PC, 2007 WL 4146262, at *1 (Tenn. Crim. App., at Jackson, Nov. 20, 2007).

The Petitioner also has repeatedly and unsuccessfully challenged his conviction and sentence through petitions for writ of habeas corpus. He has been unsuccessful in seeking habeas corpus relief based upon challenges to the validity of the indictment and to the amount of jail credits awarded. See Marvin Anthony Matthews v. Tony Parker, Warden, No. W2010-00442-CCA-R3-HC, 2010 WL 2490773, at *4 (Tenn. Crim. App., at Jackson, June 21, 2010), perm. app. denied (Tenn. Nov. 12, 2010); Marvin Anthony Matthews v. Henry Steward, Warden, 2009 WL 2047592, at **3-4 (Tenn. Crim. App., at Jackson, July 15, 2009); Marvin Anthony Matthews v. State, No. W2007-00936-CCA-R3-HC, 2007 WL 4146253, at *1 (Tenn. Crim. App., at Jackson, Nov. 20, 2007).

In one habeas petition, the Petitioner alleged that his judgment of conviction for grand larceny was void because it was not entered on a uniform judgment document. See Marvin Anthony Matthews v. David Mills, Warden, No. W2004-02209-CCA-R3-HC, 2005 WL 578821, at *1 (Tenn. Crim. App., at Jackson, Mar. 11, 2005), perm. app. denied (Tenn. Oct. 24, 2005). The trial court summarily dismissed the petition, and this court affirmed the

dismissal, concluding that "the failure to utilize the uniform judgment document . . . would merely render a conviction voidable, not void." Id. at *2.

On May 30, 2008, the Petitioner again sought habeas corpus relief, asserting that his institutional file did not contain the judgment for the larceny conviction, only the Mittimus Writ of Confinement, which was void. See Marvin Anthony Matthews v. Tony Parker, Warden, No. W2008-01495-CCA-R3-HC, 2008 WL 4756676, at *2 (Tenn. Crim. App., at Jackson, Oct. 28, 2008). The trial court summarily dismissed the petition, and this court affirmed the dismissal, noting that we had "previously and repeatedly held that the Mittimus Writ of Confinement and 'court's minute entry' showing the petitioner was convicted of grand larceny and sentenced as [a] habitual offender to life imprisonment constitutes a valid judgment of conviction." Id. We concluded that "[t]echnical violations related to the judgment forms and committal documents, even if they existed, would not render the petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." Id. This court upheld the trial court's dismissal of the petition because the Petitioner failed to prove that the judgment was facially void or that his effective sentence had expired. Id.

In July 2012, the Petitioner filed another petition for writ of habeas corpus in which he asserted that no uniform judgment was entered with regard to his larceny conviction. He contended that the court's minute entries and the Mittimus Writ of Confinement do not satisfy the statutory requirements for judgments of conviction. On August 22, 2012, the trial court entered an order denying the petition. The court noted that the Petitioner had raised this issue previously and that the courts had rejected it. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof
> beyond the face of the record or judgment to establish its invalidity*. Thus, in

all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

This court has held repeatedly that "the Mittimus Writ of Confinement and 'court's minute entry' showing the petitioner was convicted of grand larceny and sentenced as [a] habitual offender to life imprisonment constitutes a valid judgment of conviction." Marvin Anthony Matthews, 2008 WL 4756676, at *2 (citing cases). The Petitioner has failed to establish that his judgment is facially void or that his effective sentence has expired. Accordingly, the Petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROGER A. PAGE, JUDGE